UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

HESS CORPORATION and HOVENSA LLC,

        Plaintiffs,

   -v-

LAND MARINE S.A., MAGNUS CARRIERS
CORPORATION and/or OWNER OF M/T HIGH
LAND, in personam, and M/T HIGH LAND, in rem,

        Defendants.

----------------------------------------------------------------X



CIVIL ACTION NO. 

**VERIFIED COMPLAINT**



## VERIFIED COMPLAINT

The Plaintiffs, HESS CORPORATION and HOVENSA, LLC, by counsel as and for their Complaint against the defendants, LAND MARINE S.A., MAGNUS CARRIERS CORPORATION and/or OWNER OF M/T HIGH LAND, *in personam*, and M/T HIGH LAND, *in rem*, state as follows:

1. The cause of action stated herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and the Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1333.

2. Plaintiff, Hess Corporation ("Hess"), is and was a U.S. corporation organized and existing under and by virtue of the laws of the State of Delaware.

3. Plaintiff, Hovensa, LLC ("Hovensa"), is a U.S. Virgin Islands Corporation with an oil refinery and offices in the U.S. Virgin Islands.

{NY069654.2}

4. Upon information and belief, and at all times hereinafter mentioned, *in rem* defendant, the Motor Tanker ("M/T") HIGH LAND, was owned and operated by the defendants, Land Marine S.A. and/or owner of M/T HIGH LAND, a foreign corporation.

5. M/T HIGH LAND and/or substitute res is now or may be during the course of this action within the Southern District of New York and the jurisdiction of this Honorable Court.

6. On information and belief, defendants, Land Marine S.A. and/or Owner of M/T HIGH LAND (collectively, "Land Marine"), is/are foreign corporation(s) and registered owner(s) of M/T HIGH LAND.

7. On information and belief, defendant, Magnus Carriers Corporation ("Magnus"), is a corporation under law and the managers and/or operators of M/T HIGH LAND. (Defendants, Land Marine, Magnus and M/T HIGH LAND, are hereafter collectively referred to as "Vessel Interests").

8. On or about February 27, 2007, the Master of M/T HIGH LAND executed and issued three bills of lading (the "Bills of Lading") acknowledging shipment by Hovensa and receipt in apparent good order and condition, on board the vessel, of the following three cargoes of petroleum products which products were in fact loaded in good order and condition in St. Croix, U. S. Virgin Islands, namely:

    a. 135,315.59 barrels of Gasoline;

    b. 81,664.49 barrels of No. 2 Oil; and

    c. 75,412.69 barrels of Jet Fuel

9. The Bills of Lading were made out to the order of Hess, which was also the charterer of M/T HIGH LAND, under charter party dated February 20, 2007, between

Hess and Trafigura Beheer B.V., as chartered owner of the M/T HIGH LAND, for the carriage of the aforementioned cargoes.

10. Hess and/or Hovensa, as bill of lading holders and the owners of said cargoes on board M/T HIGH LAND, are entitled to bring this action and do so on their own behalf and as agents and trustees for all cargo interests as their interest may ultimately appear.

11. Plaintiffs rely on the Bills of Lading (and if applicable the terms of the charter party, to the extent if any that such terms may be incorporated into the Bills of Lading) for their full terms and effect, as the contracts under which said cargoes were carried.

12. On or about February 28, 2007, the cargo of Jet Fuel on board M/T HIGH LAND was found to be contaminated and damaged.

13. On or about February 28, 2007, Hovensa gave notice holding defendants liable for such loss.

14. M/T HIGH LAND discharged said cargoes at New York, on or about March 7 and 8, 2007, and at Baltimore, on or about March 10 and 11, 2007, by which time additional loss and/or damage to the cargo(es) had taken place on board M/T HIGH LAND.

15. The said cargo contamination, damage and loss onboard M/T HIGH LAND was caused by the negligence and fault of defendants, and M/T HIGH LAND's officers and crew in breach of the duties of defendants, as ship owners, operators, managers, carriers and/or bailees of said cargoes, respectively owed to plaintiffs under the applicable contracts of carriage, tort, statute, common law or otherwise.

16. As a result of defendants' said negligence and breaches of duty, Hess and/or Hovensa have suffered and may hereafter sustain loss, expense and damage in an amount to be proven at trial, but which is presently estimated to be at least $436,561.58, plus accruing interest, costs and fees.

17. Although demand has been duly made, there still remains due and owing to plaintiffs the sum of at least $436,561.58, plus interest, costs, and fees.

18. The charter party includes an arbitration clause. Plaintiffs reserve the right, if any, to arbitrate under the Bills of Lading and to ask this Court to stay these proceedings pending arbitration.

19. All and singular, the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

WHEREFORE, plaintiffs pray:

1. That process *in rem* and warrant of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime jurisdiction may issue against said M/T HIGH LAND, her engines, tackle, etc., and that all persons claiming interest in the said vessel may be cited to appear and answer under oath this complaint;

2. That aforesaid claims of plaintiffs be adjudged to be a maritime lien on the said M/T HIGH LAND, that a judgment be entered in favor of plaintiffs against said vessel and that the vessel may be condemned and sold (or any substitute res be applied or administered) to pay the demands and claims aforesaid, together with interest costs and attorneys' fees, and to pay any and all other amounts required to be paid the plaintiffs herein;

3. That a judgment *in personam* be rendered in favor of plaintiffs against the defendants, LAND MARINE S.A., MAGNUS CARRIERS CORPORATION and/or OWNER OF M/T HIGH LAND, for the amount of plaintiffs' demands and claims, with interest costs and attorneys' fees; and

4. That plaintiffs may have such other and further relief as the justice of the cause may require.

By: *[signature]*

HILL, BETTS & NASH LLP
Attorneys for Petitioner

James D. Kleiner (JK-6038)
E-mail: jkleiner@hillbetts.com
HILL, BETTS & NASH LLP
One World Financial Center
200 Liberty Street, 26th Floor
New York, New York 10281
Tel. (212) 839-7000 (switchboard)
     (212) 589-7517 (direct)
Fax (212) 466-0514

{NY069654.2 }

## VERIFICATION

**JAMES D. KLEINER**, declares under penalties of perjury pursuant to 28 U.S.C. §1746, that he is a member of the law firm, HILL, BETTS & NASH LLP, attorneys for the plaintiffs, Hess Corporation and Hovensa LLC, in this action, that he has read the Verified Complaint, that its contents are true to the best of his knowledge except as to matters therein stated on information and belief and as to those matters he believes them to be true.

The basis for deponent's information and belief is information and documentation received from the plaintiffs regarding this action. An attorney verification is given due to the urgency to file this action to protect the claim against time bar and the unavailability of the individuals at the plaintiffs with personal knowledge of the matters in the complaint

Dated: February 29, 2008
      New York, New York

By _____
      JAMES D. KLEINER (JK6038)

{NY069654.2 }