# HILL, BETTS & NASH LLP

ONE WORLD FINANCIAL CENTER
200 LIBERTY STREET, 26TH FLOOR
NEW YORK, NY 10281

(212) 839-7000
FAX: (212) 466-0514

WRITER'S DIRECT PHONE:

(212) 589-7517

June 19, 2008

BY FAX - 212-805-6191

Honorable Barbara S. Jones
United States District Judge
500 Pearl Street, Room 620
New York, New York 10007

> Re: Hess Corp. et al v. Land Marine etc, et al, *in personam*
> and MT HIGH LAND, *in rem*
> 08-CV-2052 (BSJ) (THK)

Dear Judge Jones:

We represent the plaintiffs, Hess Corporation and Hovensa LLC, and respectfully update our May 13, 2008 report (attached) on the status of this February 29, 2008 admiralty action, in which no defendant has appeared.

As advised, to protect the against the one-year time bar, Hess filed this action and also demanded arbitration of its cargo claims against the ship owner, defendant, Land Marine, and non-party, Trafigura, from whom Hess chartered the defendant's tanker, MT HIGH LAND.

All concerned have now appointed New York counsel with whom there are ongoing discussions endeavoring to agree to a consolidated arbitration proceeding. We expect to know by July 17, 2008 whether this is achievable. Until that date, Defendants and their liability insurers asked for a "standstill," to which plaintiffs will agree on the basis that they will not be prejudiced by the delay. We believe the matter is arbitrable and New York maritime arbitrators are best for this type of case. However, unless these foreign defendants agree to our outstanding request that they accept service of process, plaintiffs will take steps to accomplish service, if needed pursuant to an Order that will be requested of the Court. While FRCP Rule 4(m) states that the 120-day time for service of process does not apply to service on foreign defendants, we would not wish this period to end on July 27, 2008, without accomplishing service or obtaining a formal extension of time.

## Conclusion

Defendant ship owner has now given security for Hess's claims and we are reviewing the terms thereof. As advised, Hess's concern is that this action continues so as to preserve its

claims against defendants pending arbitration. If defendants accept service of process and agree to arbitrate, we will request this Court to place this action on the suspense docket, pending issuance of a final Arbitration Award.

With the Court's agreement, we will report again, on or before June 17, 2008.

Respectfully,

James D. Kleiner

JDK/mas

cc:   Honorable Theodore H. Katz (By Mail Pursuant to Judge's Rules)

Michael Fernandez, Esq., counsel for defendants (By Fax 212-425-1901)

LeRoy Lambert, Esq., counsel for Trafigura Beheer B.V. (By Email)

{NY073418.2}

# HILL, BETTS & NASH LLP

ONE WORLD FINANCIAL CENTER
200 LIBERTY STREET, 26TH FLOOR
NEW YORK, NY 10281

(212) 839-7000
FAX: (212) 466-0514
WRITER'S DIRECT PHONE:

(212) 589-7517

May 13, 2008

BY FAX - 212-805-6191

Honorable Barbara S. Jones
United States District Judge
500 Pearl Street, Room 620
New York, New York 10007

      Re:    Hess Corp. et al v. Land Marine etc, et al, *in personam*
            and MT HIGH LAND, *in rem*
            08-CV-2052 (BSJ) (THK)

Dear Judge Jones:

      We represent the plaintiffs, Hess Corporation and Hovensa LLC, and respectfully report on the status of this February 29, 2008 admiralty action, in which no defendant has appeared.

      Hess purchased a cargo of petroleum products which Hovensa shipped on board defendant's tanker, MT HIGH LAND, which Hess had chartered and which ship contaminated the cargo before making delivery in New York. To protect the claim from time bar, Plaintiffs, under the governing bill of lading contract: (1) brought this suit and (2) demanded arbitration. The verified complaint asks for issuance of a warrant for the ship's arrest to secure the claims, however, plaintiffs have hitherto refrained from seeking such arrest here or in other jurisdictions.

      Defendants and their liability insurers are represented in New York by the firm Freehill Hogan & Mahar (Michael Fernandez) and agreed to provide security, so that plaintiffs would hold off arresting the ship. As for the merits, defendants would prefer to litigate, but we asked them to arbitrate, as we believe the matter is arbitrable and New York maritime arbitrators are best for this type of case.

      Hess has a separate right of action under its charter party contract and has demanded arbitration against the party from whom it chartered the ship, Trafigura Beheer BV. Trafigura, in turn, will no doubt claim indemnity against one or more defendants under its corresponding charter party with the ship's owner. Both charter parties expressly provide for arbitration, so it will likely not be necessary for plaintiffs to ask this Court to compel arbitration under the bill of lading, which does not expressly provide for arbitration (but which does present issues that "intertwine" with issues – in fact the same claims and issues – to be arbitrated under the parties' charter parties).

## Conclusion

We expect that defendants will shortly provide the security for the claims. Plaintiffs' only concern then will be that this action continues so as to preserve their claims against defendants pending arbitration and – subject to defendants accepting service of process, to which we hope defendants will agree – we will request this Court to meanwhile place this action on the suspense docket.

With the Court's agreement, we will report again, in thirty-one days, on May 14, 2008.

Respectfully,

James D. Kleiner

JDK/mas

cc:   Honorable Theodore H. Katz (By Mail Pursuant to Judge's Rules)

Michael Fernandez, Esq. (By Fax 212-425-1901)

{NY073418 1 }